FILED

NOT FOR PUBLICATION

JUN 23 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: APOLLO GROUP, INC. SECURITIES LITIGATION, | No. 08-16971 |
| | D.C. No. 2:04-cv-02147-JAT |
| POLICEMEN'S ANNUITY AND BENEFIT FUND OF CHICAGO, | MEMORANDUM [*] |
| Plaintiff - Appellant, | |
| v. | |
| APOLLO GROUP, INC. et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted March 3, 2010
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     **KOZINSKI**, Chief Judge, **W. FLETCHER**, Circuit Judge and **GETTLEMAN**,[**] District Judge.

The district court erred in granting Apollo judgment as a matter of law. The jury could have reasonably found that the UBS reports following various newspaper articles were "corrective disclosures" providing additional or more authoritative fraud-related information that deflated the stock price. Cf. In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1058 (9th Cir. 2008) (later disclosure corrective when public initially "failed to appreciate [the] significance" of negative information); Hanon v. Dataproducts Corp., 976 F.2d 497, 503 (9th Cir. 1992) (what market understands depends on "intensity and credibility" of information).

Apollo is not entitled to a new trial. The district court did not abuse its discretion by excluding Flynn's potentially confusing deposition testimony, which Apollo had already chosen not to use on cross-examination. See Fed. R. Evid. 403; Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 384 (2008). The district court also properly instructed the jury. It made clear that damages could be awarded only for fraud-related losses, and it was not required to instruct the jury on a theory of liability the plaintiffs hadn't presented.

---

[**]     The Honorable Robert W. Gettleman, United States District Judge for the Northern District of Illinois, sitting by designation.

Finally, there is no basis for remittitur. The jury could have reasonably credited the expert who testified that the fraud revealed by multiple corrective disclosures accounted for $5.55 of the drop in stock price. Damages are limited by the extent of Apollo's fraud, not by the subset of fraud the UBS reports alone revealed. See In re Dauo Sys., Inc., 411 F.3d 1006, 1027 (9th Cir. 2005) ("[Plaintiffs'] economic loss was the decline in their stock value that was the direct result of Dauo's misrepresentations.").

We reverse and remand with instructions that the district court enter judgment in accordance with the jury's verdict.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**